Ken Green (Texas Bar No. 24036677)
Bryan Prentice (Texas Bar No. 24099787)
**BONDS ELLIS EPPICH SCHAFER JONES LLP**
402 Heights Boulevard
Houston, Texas 77007
(713) 335-4990 telephone
(832) 740-1411 facsimile
ken.green@bondsellis.com
bryan.prentice@bondsellis.com

**ATTORNEYS FOR NABORS DRILLING
TECHNOLOGIES USA, INC.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § § § § § § § § § | **Chapter 11** |
| **KENDAVIS INDUSTRIES INTERNATIONAL, INC., *et al.*,**[1] | | **Case No. 85-30348-hca11** |
| **Debtors.** | | **(Jointly Administered)** |

**NABORS DRILLING TECHNOLOGIES USA, INC.'S REPLY IN SUPPORT OF
MOTION TO REOPEN BANKRUPTCY CASE UNDER 11 U.S.C. § 350 FOR THE
LIMITED PURPOSE OF ENFORCEMENT OF THE DISCHARGE AND INJUNCTION
IN THE CONFIRMED PLAN AND CONFIRMATION ORDER**

Nabors Drilling Technologies USA, Inc. ("Nabors"), by and through the undersigned

counsel, files this *Reply in Support of Motion to Reopen Bankruptcy Case Under 11 U.S.C. § 350*

*for the Limited Purpose of Enforcement of the Discharge and Injunction in the Confirmed Plan*

*and Confirmation Order* and would respectfully show the Court as follows:

## INTRODUCTION

1.     On February 16, 2026, Nabors filed its *Motion to Reopen Bankruptcy Case Under*

*11 U.S.C. § 350 for the Limited Purpose of Enforcement of the Discharge and Injunction in the*

---

[1] The jointly administered debtors include Kendavis Holding Company, Case No. 85-30348-11, and Loffland Brothers Company, Case No. 85-30969-11.

1

*Confirmed Plan and Confirmation Order* [Docket No. 8331] (the "Motion"). Nabors seeks to reopen the jointly administered Bankruptcy Case No. 85-30348-hca-11, *In re Kendavis Industries International, Inc., et al.* (the "Bankruptcy Case") for the limited purpose of initiating a contested matter and/or adversary proceeding to enforce the discharge and injunction provisions in the applicable Confirmed Plan and Confirmation Order and LBC Confirmed Plan (each as defined in the Motion) against the Plaintiffs due to their claims asserted against Nabors resulting from Nabors' 1989 acquisition of the capital stock of Reorganized Debtor Loffland Brothers Company ("LBC") from Reorganized Debtor Kendavis Holding Company ("KHC").[2] Plaintiffs sued Nabors in *Jerry LeJeune v. Taylor-Seidenbach, Inc., et al.* (the "District Court Lawsuit") solely because of Jerry LeJeune's alleged pre-petition exposure to asbestos during his and his father's employment with LBC, under a "successor liability" theory which Nabors expressly denies. It is uncontroverted that the claims asserted against Nabors are not direct claims based any acts or omissions of Nabors, rather Plaintiffs seek to hold Nabors derivatively liable for claims arising from alleged pre-petition conduct of the Debtors.

2.      On March 9, 2026, Jerry LeJeune, Tammy LeJeune, Anna Lejeune, and Hayden LeJeune (collectively, the "Plaintiffs") filed their *Objection to Motion to Reopen Bankruptcy Case Under 11 U.S.C. § 350 for the Limited Purpose of Enforcement of the Discharge and Injunction in the Confirmed Plan and Confirmation Order* [Docket No. 8333] (the "Objection").

3.      In summary, the Objection contains three parts: (i) Nabors does not state sufficient cause to reopen the Bankruptcy Case; (ii) Nabors cannot demonstrate that Plaintiffs received adequate notice that their claims would be discharged; and (iii) complaints regarding the Plaintiffs' underlying lawsuit in the United States District Court for the Eastern District of Louisiana ("EDLA

---

[2] Plaintiffs' claims are based on Jerry LeJeune's alleged exposure to asbestos between 1955 and 1980, years prior to the Bankruptcy Case and the 1989 Stock Acquisition Agreement.

District Court"). As discussed in more detail below, (i) courts routinely re-open bankruptcy cases to obtain a determination concerning dischargeability, to enforce the discharge injunction, and to interpret or clarify the terms of a confirmed plan, and Nabors cited controlling Fifth Circuit authority in the Motion that this Court is the appropriate venue for such a proceeding, which Plaintiffs did not address in the Objection; (ii) the issue of what notice Plaintiffs were entitled to is fact specific and goes to the merits of the discharge action which is not an issue that is ripe for a final determination at the motion to reopen stage; further, Plaintiffs have provided no evidence that they were "known" creditors entitled to actual notice of the Bankruptcy Case, and Nabors can demonstrate that notice of the Bankruptcy Case was proper to all parties-in-interest; and (iii) Plaintiffs' complaints about Nabors' efforts to obtain documents from the Bankruptcy Case and Nabors' discharge arguments in the District Court Lawsuit are both incorrect and irrelevant to this Court's determination of the Motion.

4.          During the original Bankruptcy Case there were several appeals and published opinions, from which Nabors has prepared the below timeline of events:[3]

| Timeline | Source |
|---|---|
| 2/21/85 – Involuntary petitions filed against Kendavis Holding Company ("KHC") and Kendavis Industries International, Inc. ("KIII"). KHC owned 80% of stock in 20 operating companies including Loffland Brothers Company ("LBC"). | 91 B.R. 742 |
| 3/19/85  - Orders for relief entered. | 91 B.R. 742 |
| 3/21/85 – LBC files voluntary petition. | 102 B.R. 79; *see also* Ex. 5.[4] |
| 4/22/85 – KHC, KIII, LBC and affiliated cases jointly administered under Case No. 85-30348. | Court docket sheet for Case No. 85-30348 |
| 9/25/85 – LBC claims bar date. | 102 B.R. 79 |

---

[3] *See In re Kendavis Industries Int'l, Inc.*, 91 B.R. 742 (Bankr. N.D. Tex. 1988); *see also In re Loffland Bros. Co.*, 102 B.R. 79 (Bankr. N.D. Tex. 1988); *see also Christopher v. Kendavis Holding Co.*, 2000 U.S. Dist. LEXIS 8409 (N.D. Tex. June 14, 2000); *see also Christopher v. Kendavis Holding Co. (In re Kendavis Holding Co.)*, 249 F.3d 383 (5th Cir. 2001).
[4] References herein to "Ex. __" refer to the Exhibits filed at Docket No. 8334.

| | |
|---|---|
| 6/24/86 – Unsecured Creditors' Committee's ("UCC") motion for denial of Debtors' plan granted. | 91 B.R. 742 |
| 11/24/86 – UCC's plan confirmed for KHC and KIII; plan denied as to LBC. | 91 B.R. 742; court docket sheet. |
| Debtors appeal orders denying confirmation of Debtors' plan and confirming UCC's plan. | 91 B.R. 742 |
| 3/26/87 – District Court affirms orders denying confirmation of Debtors' plan and confirming UCC's plan. | 91 B.R. 742 |
| 9/24/87 – 5th Circuit affirms. | 91 B.R. 742 |
| | |
| 11/15/89 – Nabors enters into stock acquisition agreement with Reorganized KHC to acquire capital stock of Reorganized LBC. | *See* Ex. 11 |
| | |
| 8/25/95 – Final decree entered in Case No. 85-30348; case closed. | Court docket sheet. |
| | |
| 4/30/97 – Case reopened by KIII to enforce confirmation order relating to James Christopher pension claim. | Court docket sheet. |
| 5/30/97 – Adversary complaint filed by KHC. | Court docket sheet. |
| 3/13/98 – Bankruptcy court ruling in favor of KHC holding Christopher claim discharged and awarding sanctions. | District Court opinion at 2000 US Dist. Lexis 8409. |
| 6/14/2000 – District Court opinion reversing bankruptcy court under specific facts of case including Debtors' representations to claimant prior to and during bankruptcy that pension claims were not affected. | District Court opinion at 2000 US Dist. Lexis 8409. |
| 4/23/2001 – 5th Circuit opinion affirming District Court. | 5th Circuit opinion at 249 F3d 383. |
| | |
| 2/10/2003 - Case closed | Court docket sheet. |

## <u>REPLY</u>

A.    **Nabors has sufficiently demonstrated "cause" under 11 U.S.C. § 350(b) and FRBP 5010**

      1.    *This Court is the proper court to enforce the discharge and plan injunction provisions*

5.      As explained in the Motion, "the Fifth Circuit has confirmed that an action to enforce the discharge injunction is in the nature of a contempt proceeding, and that the original bankruptcy court is the appropriate venue for such a proceeding to address a violation of the court's confirmation order."  Motion at p. 7 (citing *Crocker v. Navient Sols., L.L.C. (In re Crocker)*, 941 F.3d 206 (5th Cir. 2019); *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 961 (11th Cir. 2012); and *Anderson v. Credit One Bank, N.A. (In re Anderson)*, 884 F.3d 382, 390-91 (2d. Cir. 2018)).  Plaintiffs did not address any of these cases in the Objection, instead relying on an inapplicable case from the Southern District of Mississippi to argue that the discharge issue should be determined by the EDLA District Court.

6.      Plaintiffs argue that the "[EDLA] District Court is the proper forum to adjudicate this matter because the case is already pending before the [EDLA] District Court and litigation has been ongoing in the [EDLA] District Court for several years."  Objection at p. 21.  Plaintiffs cited the case of *Plant Materials, LLC v. All. Consulting Grp., LLC*.  *See Plant Materials, LLC v. All. Consulting Grp., LLC*, 596 B.R. 851 (S.D. Miss. 2019).  The debtor in that case built and operated a drying facility until the debtor began to suffer financial difficulties, at which point Shale Support Services LLC ("S3") took over the management of the drying facility.  *See id.* at 853.  S3 hired an entity named Plant Materials, LLC ("Plant Materials") to install a sand screen at the drying facility. *See id.* at 854.  Plant Materials claimed that S3 did not pay for the work that Plant Materials performed, and the drying facility was sold free and clear in the debtor's bankruptcy case.  *See id.* After the sale and the closure of the bankruptcy case, Plant Materials filed a motion to reopen the bankruptcy case, claiming that the free and clear sale of the drying facility prevented Plant Materials from filing a lien on the drying facility for Plant Materials' unpaid invoices. *See id.*  The bankruptcy court in *Plant Materials* held that cause did not exist to reopen the bankruptcy case

because, among other things, it involved a claim by a non-creditor against a non-debtor, "Plant Materials' nonpayment claim against S3 was not a 'matter pertaining to the implementation or execution of the plan'" and therefore "it would not have jurisdiction 'whether explicitly or under any of the guises Plant Materials would assert it.'" *See id.* at p. 856-57. The district court in *Plant Materials* affirmed the bankruptcy court's order, reasoning that Plant Materials did not have standing to file a motion to reopen the bankruptcy case because it was not a creditor, debtor, or trustee and it did not have a legally protected interest that could be affected by the bankruptcy at any relevant time, and also reasoning that Plant Materials did not demonstrate cause to reopen the bankruptcy case. *See id.* at 859.

7.      In contrast to the movant in *Plant Materials*, Nabors seeks to reopen the Bankruptcy Case to enforce the discharge and injunction provisions in the Confirmed Plan and Confirmation Order and LBC Confirmed Plan. This Court is the proper court to adjudicate this dispute as held by the Fifth Circuit in *Crocker*, which explained that "returning to the issuing bankruptcy court to enforce an injunction is required at least in order to uphold 'respect for judicial process.'" *Crocker* at 216 (internal citations omitted). Further, it appears that the EDLA District Court itself has raised the question of whether it has subject matter jurisdiction to rule on the discharge issue. *See* Ex. 8, February 12, 2026 "Minute Entry and Order" at p. 3, item (2) requesting briefing from the parties on the EDLA District Court's subject matter jurisdiction. In addition, following the filing of the Motion, the EDLA District Court entered a "Minute Entry" Order wherein the EDLA District Court "STAYED" and "ADMINISTRATIVELY CLOSED" the District Court Lawsuit pending the resolution of this Court's proceedings. *See* Ex. 10, February 23, 2026 Minute Entry Order at p. 1.

*2. Cause exists to reopen the Bankruptcy Case*

8. Plaintiffs argue in the Objection that Nabors cannot demonstrate that Plaintiffs received adequate notice of the Bankruptcy Case, therefore it would violate due process to hold that Plaintiffs' claims were discharged in the Bankruptcy Case, and thus the Motion should be denied because there is no cause to reopen the Bankruptcy Case. *See* Objection at pp. 22-27. Plaintiffs' argument is incorrect procedurally and factually.

9. As stated in the Motion, reopening a bankruptcy case is routinely permitted to obtain a determination concerning dischargeability, to enforce the discharge injunction, and to interpret or clarify the terms of a confirmed plan, which are the reasons Nabors seeks to reopen the Bankruptcy Case. *See* Motion at p. 6. Plaintiffs cite no authority requiring movants to prove they will ultimately prevail on the merits of a discharge claim in order to reopen a bankruptcy case.

10. Plaintiffs cite the case of *In re Odin Demolition & Asset Recovery, LLC* in support of their argument that the "Fifth Circuit evaluates several factors when determining whether a movant has demonstrated sufficient cause to reopen a case under section 350", the first of which is "whether it is clear at the outset that no relief would be forthcoming to the debtor by granting the motion to reopen." Objection at p. 20; *see also In re Odin Demolition & Asset Recovery, LLC*, 544 B.R. 615, 628 (Bankr. S.D. Tex. 2016). First, *Odin* is inapposite because it involved a situation where the defendants were being sued by the reorganized debtor, not like here where Plaintiffs have sued Nabors seeking to hold Nabors derivatively liable for pre-petition conduct of the Debtor. Second, contrary to Plaintiffs' characterization, the United States Bankruptcy Court for the Southern District of Texas in *Odin* specifically stated that the "Fifth Circuit has not yet adopted such a multi-factor analysis", which it instead attributed to a case from the Southern District of New York. *Id.* The *Odin* court found that no relief would be forthcoming if it reopened the

bankruptcy case because the movants, who had been sued in Texas State Court by the debtor, were not creditors in the bankruptcy case, and therefore could not avail themselves of the argument that the claims asserted against them post-confirmation were not expressly reserved in the plan and confirmation order. *See id.* at 631.

11.     The movants' status as non-creditors in *Odin* was dispositive against the relief for which they sought to reopen that bankruptcy case.  Plaintiffs argue here that the alleged lack of evidence that they received notice of the Bankruptcy Case is equally dispositive here, stating that "Plaintiffs were entitled to actual notice under the Bankruptcy Code and due process requirements" and "Nabors lacks evidence that the Debtors provided Plaintiffs with actual notice."  Objection at p. 22.  Both of these arguments are incorrect.

**B.     Plaintiffs' notice and due process arguments are factually unsupported and not relevant to the Motion to Reopen**

12.     Due process requires notice to be "reasonably calculated, under all circumstances, to inform interested parties of the pendency" of a proceeding.  *AMPAM Power Plumbing, L.P. v. Capstone Bldg. Corp. (In re AMPAM Power Plumbing, L.P.)*, 520 B.R. 553, 559 (Bankr. W.D. Tex. 2014).  "The level of notice required depends on a creditor's status as known or unknown." *Id.*  "Actual notice is required only for known creditors."  *Id.*  "Known creditors include both claimants actually known to the debtor and those whose identities are 'reasonably ascertainable'" meaning that their identities can be discovered "through 'reasonably diligent efforts.'"  *Williams v. Placid Oil Co. (In re Placid Oil Co.)*, 753 F.3d 151, 154-55 (5th Cir. 2014).  The "law does not require that a creditor serve upon the debtor a formal complaint in order to make himself 'reasonably attainable' or 'known.'  However, at a minimum, the debtor must possess 'specific information' about a manifested injury, to make the claim more than merely foreseeable."  *Id.* at 155.  In summary, "to conclude that a creditor is known, a court must determine that, at a minimum,

a debtor has 'specific information' related to an actual injury suffered by the creditor.  Information, however specific, that makes a claim only foreseeable or conjectural is insufficient." *Id.* at 156-57.  The debtor "need only provide 'unknown creditors' with constructive notice by publication…Publication in a national newspaper such as the *Wall Street Journal* is sufficient." *Id.* at 155.

13.	Plaintiffs' statement that Debtors should have known Mr. LeJeune's identity, even assuming it is true, does not address how the pre-confirmation Debtors would have had the requisite specific information related to Mr. LeJeune's alleged actual injuries upon which he filed suit 28 years after the Court entered the Final Decree in the Bankruptcy Case.  Plaintiffs state that "[e]mployees of the Debtor are generally considered to be in sufficient privity to be entitled to actual notice", citing *Matter of Crystal Oil Co.*, but this opinion, which concerned environmental damage claims of the Louisiana Department of Environmental Quality against the Crystal Oil Company, did not actually address the issue of notice requirements for employees of a debtor, even in dicta.  Objection at p. 24.  Furthermore, Plaintiffs have not established that Mr. LeJeune or his father were employees of LBC or exposed to asbestos during such alleged employment, as these were listed as contested issues of fact in the Pre-Trial Order filed in the District Court Lawsuit on February 4, 2026.  *See* Ex. 7, February 4, 2026 Pre-Trial Order, at p. 6.

14.	Plaintiffs concede that Mr. LeJeune may not have been a "known" creditor in the Bankruptcy Case, and state that a debtor must "at minimum, have a Confirmation Order *stating* that the debtor complied with applicable notice requirements of the Bankruptcy Code, Bankruptcy Rules, and the Local Rules."  Objection at pp. 24-25.  Here, the opening paragraph of the Court's *Order Confirming Committees' Modified Joint Plan of Reorganization as to Kendavis Holding Company and Kendavis Industries International, Inc.* states that the "hearing to consider the

confirmation of the Committees' Plan" was "held upon proper and timely notice in accordance with § 1128 of the Bankruptcy Code to all persons entitled thereto." See Ex. 2 at p. 1.[5]

15.        Plaintiffs cited *In re United Ref. Co.* in support of their statement in the Objection that a debtor must "at minimum, have a Confirmation Order *stating* that the debtor complied with applicable notice requirements of the Bankruptcy Code, Bankruptcy Rules, and the Local Rules." Objection at p. 24. In evaluating whether the applicable claim in *United Ref. Co.* was discharged, the court was faced with the challenge that the underlying bankruptcy case was reopened thirty years after it had closed in 1990, at which point "no official docket (hard copy or electronic), no record of the entries in the docket, no affidavits of service, no disclosure statement, and no schedules of assets and liabilities" survived from the bankruptcy case. *See In re United Ref. Co.*, 2021 Bankr. LEXIS 105, *6 (Bankr. S.D. Tex. Jan. 16, 2021). Therefore, it was "impossible to accurately classify [the claimant] as a known or unknown creditor" and impossible to know whether he received notice about the bankruptcy case. *See id.* at *15. Because the confirmation order was the only evidence of what occurred during the bankruptcy case, and it contained an uncontroverted finding that notice was proper to parties-in-interest, the court found that it satisfied the debtor's burden of proof of notice to the claimant. *See id.* at *16-*17. It did so over the argument of the claimant that the lack of a trust fund in the *United Refining* plan for future unknown asbestos claimants was evidence that such claimants were not contemplated by the bankruptcy case. *See id.* at *17. Although it is Nabors' position that the Court need not determine the merits of Nabors' discharge argument in deciding whether to reopen the Bankruptcy Case, as shown above, there is no basis to support a finding that relief would not be forthcoming to Nabors

---

[5] Undersigned bankruptcy counsel for Nabors ordered a certified copy of the record on appeal from the appeal relating to the James Christopher pension claim referenced in the Timeline on pages 3-4 *supra*. The record on appeal contained the versions of the Confirmed Plan and Confirmation Order filed as Exs. 1 and 2 and referenced herein.

upon reopening the Bankruptcy Case. There is also no evidence that Mr. LeJeune was a known creditor in the Bankruptcy Case, and the Confirmation Order specifically provides that the Confirmed Plan was confirmed upon proper and timely notice to all persons entitled thereto.

16. Plaintiffs also attempt to distinguish this case from *In re Placid Oil*, arguing that it dealt with "a family member who was never employed the Debtor [sic], but who is later exposed to residue on an employees clothing." Objection at p. 25. As explained above, however, Plaintiffs have not produced any evidence outside of Mr. LeJeune's 2023 deposition transcript that he was employed by LBC, and Plaintiffs also assert claims against Nabors stemming from Mr. LeJeune's alleged secondhand exposure to asbestos through his father's (also unsubstantiated) employment with LBC.

17. Furthermore, while Plaintiffs state several times in the Objection that this is a "forty-year-old bankruptcy case", they neglect to mention that *Placid Oil Co. v. Williams (In re Placid Oil Co.)* involved an adversary proceeding filed "approximately two decades after confirmation of a Chapter 11 plan and closure of its bankruptcy case" and the underlying bankruptcy case in *United Refining* was reopened thirty years after it had been closed . Objection at p. 19; *see also Placid Oil Co. v. Williams (In re Placid Oil Co.)*, 463 B.R. 803, 806 (Bankr. N.D. Tex. 2012); *see also In re United Ref. Co.* at *6. This Bankruptcy Case was reopened previously and closed for the second time in 2003, and has now been closed for approximately 23 years, which is not dissimilar to *Placid* and *United Refining*. *See* Bankruptcy Case Docket Nos. 8318 and 8330.

C.     **Response to Plaintiffs' complaints regarding the underlying lawsuit**

18. Plaintiffs devote numerous pages of the Objection to complaints about the District Court Lawsuit that are inaccurate and irrelevant to the Motion. *See, e.g.*, Objection at pp. 6-19. Plaintiffs focus on what they describe as "repeated misrepresentations concerning the existence

and availability of the governing Plan and Confirmation Order" and complaints that Nabors was late to "meaningfully raise or substantiate any argument that the Bankruptcy Case barred Plaintiffs' claims." *Id.* at pp. 6 and 18.

19.     As discussed in Nabors' *Brief to Address Bankruptcy and Jurisdictional Issues* filed in the District Court Lawsuit (Ex. 9), Nabors has consistently maintained the position that Plaintiffs' claims were discharged in the Bankruptcy Case. Nabors' arguments in its motion for summary judgment in the District Court Lawsuit, referenced on page 9 of the Objection, were (i) the 1993 plan and agreement of merger of Nabors Loffland Drilling Company into Nabors caused the complete dissolution of Nabors Loffland Brothers Company, formerly known as Loffland Brothers Company, barring Plaintiffs' claims against Loffland and Nabors; (ii) the Final Decree of Voluntary Chapter 11 Bankruptcy of Loffland Brothers Company in 1995 barred the Plaintiffs' claims as well; and (iii) Nabors did not expressly assume liability for any claims against LBC when Nabors merged with Nabors Loffland Drilling Company, formerly LBC.

20.     Nabors spent numerous hours and resources trying to locate documents from the Bankruptcy Case, including searching its own electronic and hard copy files and contacting the Bankruptcy Court and National Archives. *See id.* at pp. 11-12. Nabors' counsel in the District Court Lawsuit conducted its own search, researching online and on PACER, and also confirmed that the bankruptcy records were not in the possession of the Bankruptcy Court or in possession of the National Archives. *See id.* at p. 12. After the undersigned bankruptcy counsel was retained, additional research was performed, including contacting attorneys involved in the original Bankruptcy Case. One of inquiries to an attorney at Jones Day who had been involved with the Bankruptcy Case resulted in Nabors receiving the LBC Confirmed Plan and accompanying

disclosure statement on February 1, 2026. *See id.* at p. 13. These documents were promptly provided as a supplemental production in the District Court Lawsuit. *See id.*

21. Plaintiffs' complaints about this process in the Objection are irrelevant to the Motion and the issues before this Court. Among other reasons, under current law, defendants are not required to plead discharge in bankruptcy as an affirmative defense. Further, 11 U.S.C. § 524(a) voids any judgment on a debt that has been discharged:

> (a) A discharge in a case under this title—
>
> (1) voids any judgment obtained, to the extent that such a judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1192, 1228, or 1328 of this title, whether or not such discharge of debt is waived;
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

11 U.S.C. § 524(a). Consequently, Nabors was not required to plead discharge in bankruptcy as an affirmative defense in the District Court Lawsuit and Plaintiffs' complaints are both misleading and have no bearing on the availability of relief to Nabors in the event the Court grants Nabors' Motion. Nabors submits that the Court should grant the Motion and reopen the Bankruptcy Case as the appropriate venue under *Crocker* and Fifth Circuit law and proceed to adjudicate this proceeding and the discharge issue.

**WHEREFORE**, Nabors hereby requests that the Court overrule the Objection and enter an order reopening the Bankruptcy Case for the reasons set forth in the Motion and granting such other relief as is just and equitable.

DATED: March 19, 2026

Respectfully submitted,

**BONDS ELLIS EPPICH SCHAFER JONES LLP**

*/s/ Ken Green*
Ken Green (Texas Bar No. 24036677)
Bryan Prentice (Texas Bar No. 24099787)
402 Heights Boulevard
Houston, Texas 77007
(713) 335-4990 telephone
(832) 740-1411 facsimile
ken.green@bondsellis.com
bryan.prentice@bondsellis.com

-and-

Joshua N. Eppich (Texas Bar No. 24050567)
Eric T. Haitz      (Texas Bar No. 24101851)
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: joshua@bondsellis.com
Email: eric.haitz@bondsellis.com

**ATTORNEYS FOR NABORS DRILLING
TECHNOLOGIES USA, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

   I certify that on March 19, 2026, a true and correct copy of the foregoing document was served via the Court's CM/ECF system, and mailed and/or emailed to parties-in-interest listed below.

               */s/ Ken P. Green*
               Ken P. Green

| | |
|---|---|
| Office of the United States Trustee | *Elizabeth.A.Young@usdoj.gov* |
| 1100 Commerce Street, Room 976 | *Asher.Bublick@usdoj.gov* |
| Dallas, TX 75242 | *Meredyth.Kippes@usdoj.gov* |
| | |
| Philip C. Hoffman | *phil@pchlawfirm.com* |
| Dayal S. Reddy | *dayal@pchlawfirm.com* |
| Kelly A. Ross | *kelly@pchlawfirm.com* |
| Laura E. Elkin | *laura@pchlawfirm.com* |
| Philip C. Hoffman, LLC | *tara@pchlawfirm.com* |
| 400 Poydras Street, Suite 1625 | *shanna@pchlawfirm.com* |
| New Orleans, LA 70130 | *naomi@pchlawfirm.com* |
| | |
| Gregory M. Gordon | *gmgordon@jonesday.com* |
| Jones Day | |
| 2727 North Harwood Street, Suite 500 | |
| Dallas, TX 75201-1515 | |
| | |
| J. Michael Sutherland | *msutherland@ccsb.com* |
| Carrington, Coleman, Sloman & Blumenthal | |
| 901 Main Street, Suite 5500 | |
| Dallas, TX 75202 | |
| | |
| John J. Kane | *jkane@krcl.com* |
| Kane Russell Coleman Logan PC | |
| 901 Main St., Suite 5200 | |
| Dallas, Texas 75201 | |
| | |
| Mark C. Taylor | *mtaylor@krcl.com* |
| Abby Rogers | *arogers@krcl.com* |
| Kane Russell Coleman Logan PC | |
| 401 Congress Avenue, Suite 2100 | |
| Austin, Texas 78701 | |